UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN C. MILLER,

    Petitioner,

-vs-                                              Case No.  8:10-CV-1581-T-27TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 13, 2010 (Dkt. 1). Petitioner filed his amended petition on August 6, 2010 (Dkt. 5). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2010), and concludes that the amended petition is subject to summary dismissal as time-barred under 28 U.S.C. § 2244(d). *See Day v. McDonough,* 126 S.Ct. 1675, 1684 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). *See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

The AEDPA created a limitation period for petitions for writ of habeas corpus filed pursuant

to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction was final on June 21, 2005,[1] and the federal limitation period expired one year later, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). The Court takes judicial notice of information available December 6, 2010, on the database maintained by the Clerk of the Court, Sixth Judicial Circuit, Pinellas County, Florida, http://www.pinellasclerk.org, which indicates that after Petitioner had filed several post-conviction motions that were all denied and affirmed on appeal, he filed a motion to correct an illegal sentence in the circuit court on or about June 13, 2007. The motion was denied on September 4, 2007. Petitioner appealed. The appellate court affirmed the denial of the motion. The appellate court's mandate was filed in the circuit court on March 3, 2008. The circuit court's docket indicates that after approximately 557 days expired, Petitioner next filed a motion for post-conviction relief on September 11, 2009. The September 11, 2009 motion,

---

[1] Petitioner's convictions were affirmed on direct appeal on March 23, 2005. *Miller v. State*, 902 So. 2d 152 (Fla. 2d DCA 2005) [table]. Therefore, his judgment of conviction became final 90 days later on June 21, 2005. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired).

2

however, was filed well beyond the expiration of the federal limitation deadline.[2] As a consequence, the motion did not toll the federal limitation period. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Consequently, Petitioner's federal petition, constructively filed on July 13, 2010, is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Petitioner has not alleged that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence. Therefore, he is not entitled to equitable tolling. Consequently, the petition must be dismissed as time-barred.

Accordingly, the Court **ORDERS** that:

1. Petitioner's amended petition for writ of habeas corpus (Dkt. 5) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate any pending motions and close this case.

3. If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion on or before **January 6, 2011.**

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA**

---

[2]Even if Petitioner's federal habeas limitation period was tolled for the entire period between June 21, 2005, when his judgment of conviction became final, through March 3, 2008, when the appellate court's mandate was filed in the circuit court, the limitation period expired on March 3, 2009.

PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on December 7th, 2010.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
*Pro Se* Petitioner